UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                            Case No. 12-12254

Derrick Hills,                         Honorable Sean F. Cox

    Defendant.
_____/

## ORDER
## DENYING MOTION TO STAY, DENYING REQUEST TO CERTIFY OPINION & ORDER AS FINAL APPEALABLE ORDER, AND ORDERING TRIAL TO PROCEED AS SCHEDULED

In this action, the Court is being asked to find Derrick Hills ("Defendant") in criminal contempt, under 18 U.S.C. § 401(3), for willfully disobeying several orders of the United States Bankruptcy Court.

Defendant filed a pretrial motion, asking the Court to rule that 18 U.S.C. § 401 is unconstitutional and dismiss this action. This Court issued an Opinion & Order denying that motion on May 21, 2013.

This matter is scheduled to proceed to a jury trial on August 6, 2013.

On May 31, 2013, however, Defense Counsel filed a Notice of Appeal (Docket Entry No. 28), indicating that he is appealing this Court's May 21, 2013 Opinion & Order denying Defendant's motion to dismiss.

An Opinion & Order denying a motion to dismiss is generally *not* a final and appealable order. The United States Court of Appeals for the Sixth Circuit has held that "[w]here the

1

deficiency in a notice of appeal, by reason of" "reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Cochran v. Birkel*, 651 F.2d 1219, 1222 (6th Cir. 1981).

Accordingly, on June 3, 2013, this Court issued a Show Cause Order, directing Defendant to show cause, in writing, no later than **June 10, 2013, at 5:00 p.m.**, why this Court should not ignore the Notice of Appeal filed by Defendant and proceed with the jury trial in this case." (Docket Entry No. 30) (bolding in original).

On June 10, 2013, Defendant filed a "Response To Order To Show Cause And Motion For Stay Pending Appeal." (Docket Entry No. 32). In that submission, Defendant: 1) asserts that he has the right to an interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1); 2) asks this Court to stay this action pending his appeal; and 3) asks this Court to "issue an order certifying its Opinion and Order Denying Defendant's Motion to Dismiss as a final appealable Order." (*Id*. at 4).

Having reviewed Defendant's response to this Court's Show Cause Order, the Court finds that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the Court will rule upon Defendant's requests, contained within his response, without oral argument.

This Court's May 21, 2013 Opinion & Order denying Defendant's Motion to Dismiss is not a final and appealable order.

Defendant has not established that he has the right to an interlocutory appeal pursuant to

28 U.S.C. § 1292(a)(1) because this Court's May 21, 2013 Opinion & Order did not grant or deny, or otherwise involve, any request for injunctive relief.

Defendant, however, has requested that this Court issue an order certifying its May 21, 2013 Opinion & Order as a final and appealable order, presumably under 28 U.S.C. § 1292(b). Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to do it within ten days after the entry of the order: *Provided, however*, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (emphasis in original). Thus, this Court has the discretion to certify an order for interlocutory appeal if: 1) the order involves a controlling question of law; 2) a substantial ground for difference of opinion exists regarding the correctness of the decision; and 3) an immediate appeal may materially advance the ultimate termination of the litigation. *Id.; In re City of Memphis v. City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002); *In re Baker & Getty Fin. Svs., Inc. v. Nat'l Union Fire Ins. Co.*, 954 F.2d 1169, 1172 (6th Cir. 1992).

The Sixth Circuit has stated that "[r]eview under § 1292(b) is granted sparingly and only in exceptional cases." *In re City of Memphis*, 293 F.3d 350.

The Court concludes that this is not one of those exceptional cases. Although this Court's May 21, 2013 Opinion & Order involves a question of controlling law, this Court concludes that a substantial ground for difference of opinion does not exist regarding the

correctness of the decision. "Under Sixth Circuit law, 'substantial grounds for difference of opinion' exist only when there is conflicting authority on an issue." *Serrano v. Cintas Corp.*, 2010 WL 940164 (E.D. Mich. 2010) (citing *In re City of Memphis*, 293 F.3d at 350-51)). This occurs where a given issue: 1) is difficult and of first impression; 2) a difference of opinion exists within the controlling circuit; or 3) the circuits are split on the issue. *Serrano, supra* (citing *Gaylord Enter. Co. v. Gilmore Enter. Group*, 187 F.Supp.2d 926, 956 (M.D. Tenn. 2001)). The issue this Court ruled upon, the Constitutionality of 18 U.S.C. § 401, is neither difficult nor an issue of first impression. And there is neither a difference of opinion existing in the Sixth Circuit as to the issue at hand nor a circuit split. Accordingly, **IT IS ORDERED** that the Court **DENIES** Defendant's request that this Court issue an order certifying its May 21, 2013 Opinion & Order as a final appealable order.

The Court further **DENIES** Defendant's request that this Court exercise its discretion and stay this action pending his purported appeal.

Again, the United States Court of Appeals for the Sixth Circuit has held that "[w]here the deficiency in a notice of appeal, by reason of" "reference to a non-appealable order, is clear to the district court, it may disregard the purported notice of appeal and proceed with the case, knowing that it has not been deprived of jurisdiction." *Cochran v. Birkel*, 651 F.2d 1219, 1222 (6th Cir. 1981). Accordingly, this Court shall **DISREGARD** the purported notice of appeal and **shall proceed as scheduled with the jury trial in this matter unless or until the Sixth Circuit orders otherwise.**

    **IT IS SO ORDERED**.


                                          S/Sean F. Cox
Dated: June 12, 2013                    Sean F. Cox
                                          United States District Judge

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                  Case No. 12-12254

Derrick Hills,                      Honorable Sean F. Cox

    Defendant.
_____/

PROOF OF SERVICE

    I hereby certify that a copy of the foregoing Order was served upon counsel of record on June 12, 2013, by electronic and/or ordinary mail.

                                      S/Jennifer McCoy
                                      Case Manager