UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                     Case No. 12-12254

Derrick Hills,                                Honorable Sean F. Cox

    Defendant.
_____/

## OPINION & ORDER

In this action, Derrick Hills ("Hills") is charged with criminal contempt, under 18 U.S.C. § 401(3), for willfully disobeying several orders of the United States Bankruptcy Court. The matter is before the Court on the Government's Motion in Limine. The parties have briefed the issues and the Court heard oral argument on September 10, 2013. As explained below, the Court shall GRANT the Government's motion in limine and rule that Hills and his counsel are precluded from arguing at trial that: 1) the Bankruptcy Court orders that Hills is charged with violating are unlawful or unconstitutional; and 2) the criminal contempt statute is unconstitutional.

## BACKGROUND

Hills is charged with criminal contempt, under 18 U.S.C. § 401(3), for willfully disobeying several orders of the United States Bankruptcy Court. This Court previously ruled that it will not make any pre-trial determinations as to the potential sentence this Court may impose if Hills is found in contempt and that Hills is entitled to a jury trial. Hills then requested a jury trial.

1

Hills filed a "Motion To Dismiss Due To Vague And Unconstitutional Statute, 18 U.S.C. § 401." (Docket Entry No. 19).  This Court denied that motion in an Opinion & Order issued on May 21, 2013.

Hills then filed a Notice of Appeal, purporting to appeal the denial of his motion to dismiss.  Hills also filed a motion asking this Court to stay this action pending his appeal and/or certifying its order denying his motion to dismiss as a final appealable order.  On June 12, 2013, this Court issued an Order denying Hills's motion to stay, denying his request for certification, and ordering the trial to proceed as scheduled – despite Hills's premature filing of a notice of appeal.  (Docket Entry No. 33).

On September 4, 2013, the Sixth Circuit dismissed Hills's premature appeal and denied his motion for a stay.

There is one motion in limine filed in this action – the Government's Motion in Limine to Exclude any Testimony or Reference Disputing that any of the Bankruptcy Court Orders were Unlawful or Otherwise Improper or Unconstitutional.

Hills filed a response to the motion on September 4, 2013, wherein he indicated that he intends to argue at trial that: 1) the Bankruptcy Court orders at issue in this case are not lawful orders and/or are unconstitutional; and 2) that the contempt statute is vague and unconstitutional. (*See* Def.'s Br. at 6).

## ANALYSIS

I.      **The Court Shall Grant The Government's Motion And Rule That Hills And His**

**Counsel Are Precluded From Arguing That The Bankruptcy Orders At Issue Are Unlawful Or Unconstitutional.**

Hills is charged with violating the criminal contempt statute, 18 U.S.C. § 401(3), which provides that "A court of the United States shall have power to punish" "such contempt of its authority" as "(3) Disobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401(3).

In order to find Hills guilty of criminal contempt, the Government must prove, beyond a reasonable doubt, the following elements: 1) Hills had notice of the court orders at issue; 2) the court orders at issue are specific, clear, and unequivocal; 3) Hills violated or disobeyed the court orders; and 4) Hills did so willfully. *Downey v. Clauder*, 30 F.3d 681, 686 (6th Cir. 1994); *United States v. Bibbins*, 3 Fed. App'x 251, 253-54 (6th Cir. 2001); *United States v. Allen*, 587 F.3d 246, 255 (5th Cir. 2009).

In its Motion in Limine, the Government argues that Hills cannot challenge the orders issued by the Bankruptcy Court as unlawful or unconstitutional at trial because a criminal contempt trial is not the appropriate venue for such challenges. The Court agrees.

As the Second Circuit explained in *Terry,* [i]t is well established that a defendant generally is barred from collaterally attacking the constitutionality of a court order as a defense to his criminal contempt prosecution." *United States v. Terry*, 17 F.3d 575, 579 (2d Cir. 1994) (citing *Walker v. City of Birmingham*, 388 U.S. 307, 314-15 (1967)). "The appropriate method for challenging the validity of a court order is to petition to have the order vacated or amended." *Terry*, 17 F.3d at 579; *see also Bullock v. Kasper*, 265 F.2d 683, 691 (6th Cir. 1959) ("Even if the injunction was invalid, appellant was chargeable with criminal contempt for violating it, for the order of the District Court was in full force and effect until set aside in an orderly way.").

3

In *Terry*, the trial court issued a preliminary injunction that prohibited certain defendants from specific conduct, presenting or confronting two elected officials with fetuses or fetal remains. Defendant Randall Terry violated the preliminary injunction. The trial court that issued the injunction later found Terry guilty of criminal contempt, after a bench trial. On appeal, Terry argued, among other things, that his criminal contempt conviction is invalid because the underlying injunction unconstitutionally burdened his First Amendment rights. The Second Circuit affirmed. In doing so, it stated "[w]e reject Terry's contention that the injunction is unconstitutional for the same reason the trial court *denied his motion to present constitutional arguments as a defense at his criminal trial*." *Id*. at 579 (emphasis added). The court ruled that Terry was precluded from attacking the constitutionality of the injunction during the course of his criminal contempt case.

This same result is warranted here. The Court shall therefore grant the Government's Motion in Limine and shall preclude Hills and his Counsel from challenging the lawfulness or constitutionality of the Bankruptcy Court's orders at trial.

**II.     In Addition, The Court Shall Prohibit Hills And His Counsel From Arguing That The Contempt Statute Is Vague Or Unconstitutional.**

In his response brief, Hills indicates that he intends to argue at trial that the Contempt Statute, 18 U.S.C. § 401, is vague and unconstitutional. That argument, however, is a legal argument and it has already been considered and rejected by this Court in its May 21, 2013 Opinion & Order. Hills may not re-litigate that legal issue during the course of trial. The Court shall therefore rule neither Hills nor his Counsel can make such arguments during the course of trial.

**CONCLUSION & ORDER**

For the reasons set forth above, IT IS ORDERED that the Government's Motion in Limine is GRANTED and the Court hereby RULES that, during the course of trial in this matter, both Hills and his Counsel are precluded from arguing: 1) that the Bankruptcy Orders at issue in this action are unlawful or unconstitutional; and 2) that the criminal contempt statute is vague or unconstitutional.

IT IS SO ORDERED.

                                              S/Sean F. Cox
                                              Sean F. Cox
                                              United States District Judge

Dated: September 10, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 10, 2013, by electronic and/or ordinary mail.

                                              S/Jennifer McCoy
                                              Case Manager