**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

United States of America,

    Plaintiff,

v.                                        Case No. 12-12254

Derrick Hills,                      Sean F. Cox
                                                     United States District Court Judge

    Defendant.
_____/

**OPINION & ORDER
DENYING DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL**

In this action, Defendant Derrick Hills ("Hills") was charged with criminal contempt, under 18 U.S.C. § 401(3), for willfully disobeying five different orders of the United States Bankruptcy Court. Hills proceeded to a jury trial and the jury returned guilty verdicts, finding Hills guilty of criminal contempt as to each of the five orders. The matter is currently before the Court on Hills's Motion for Judgment of Acquittal (D.E. No. 62). As explained below the Court shall deny the motion because the Court concludes that, reviewing the evidence presented at trial in the light most favorable to the Government, the jury could find the essential elements of criminal contempt, as to each of the counts, beyond a reasonable doubt and the Court rejects the arguments made in Hills's motion.

**BACKGROUND**

The full procedural history of this case is set forth in several opinions and orders issued by this Court and need not be restated here. (*See, e.g.*, D.E. Nos. 13, 27, & 33).

In this action, Defendant Derrick Hills ("Hills") was charged with criminal contempt,

under 18 U.S.C. § 401(3), for willfully disobeying five different orders issued by the Honorable Steven Rhodes, in the United States Bankruptcy Court for the Eastern District of Michigan. (*See* D.E. No. 14, Statement of Particulars of Criminal Contempt Charges).

A jury trial commenced on September 10, 2013. On September 19, 2013, the jury found Hills guilty of criminal contempt as to each of the five orders issued by Judge Rhodes. Thereafter, Hills filed this motion, seeking a judgment of acquittal pursuant to Fed. R. Crim. P. 29.

## ANALYSIS

In considering a motion for judgment of acquittal under Fed. R. Crim P. 29, this Court must determine whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find the elements of the crime beyond a reasonable doubt. *United States v. Abner,* 35 F.3d 251, 253 (6th Cir. 1994); *United States v. Meyer*, 359 F.3d 820, 826 (6th Cir. 1979). In doing so, the Court does not weight the evidence, consider the credibility of witnesses, or substitute its judgment for that of the jury. *Id.* Moreover, circumstantial evidence alone is sufficient to sustain a conviction. *Id.*

As a result, the Sixth Circuit has explained that a defendant claiming insufficiency of the evidence "bears a very heavy burden." *Abner,* 35 F.3d at 253. This Court concludes that Hills has not met that heavy burden here.

In his Motion for Judgment of Acquittal, Hills makes several arguments, all of which the Court finds without merit.

In seeking acquittal, Hills challenges the credibility of various witnesses who testified at his jury trial. (*See* Def.'s Br. at 8-9) (arguing that the testimony of various witnesses was "self-serving and unreliable" that "[t]he only credible testimony came from the Defendant himself"

and that his was "the more credible testimony"). As the Government notes in its response, however, it is well-established that "[t]here is no place" "for arguments regarding a government witness' lack of credibility in a Rule 29 motion for acquittal before a federal trial judge. A trial judge considering a Rule 29 motion may neither weigh conflicting evidence nor consider the credibility of witnesses." *United States v. Adamo*, 742 F.2d 927, 934-35 (6th Cir. 1984).

Hills asserts that the Government did not establish that he acted willfully and that the Government failed to establish that the Bankruptcy Orders at issue here were clear.

This Court properly instructed the jury, in accordance with Sixth Circuit precedent, that in order to find Defendant guilty of criminal contempt they must find that the Government proved, beyond a reasonable doubt, the following elements: 1) Defendant had notice of the court order at issue; 2) The court order at issue was specific, clear, and unequivocal; 3) Defendant violated or disobeyed the court order; and 4) Defendant did so willfully. *Downey v. Clauder*, 30 F.3d 681, 686 (6th Cir. 1994); *United States v. Bibbins*, 3 Fed. App'x 251, 253-54 (6th Cir. 2001); *United States v. Allen*, 587 F.3d 246, 255 (5th Cir. 2009).

As to the second element, this Court instructed the jury that in order to satisfy the second element (specificity of the order), the Government must show that the order at issue is specific, clear, and unequivocal. That is, the terms of the order must be clear and specific, and leave no doubt or uncertainty in the mind of Defendant as to what is required or prohibited by the order. *Downey v. Clauder*, 30 F.3d 681, 686 (6th Cir. 1994). The Court concludes that, based upon the evidence presented at trial, including the orders themselves, a rational jury could conclude that this element was met as to each of the counts.

As to willfulness, the Court instructed the jury that in order to satisfy the fourth element

(willfulness), the Government must show that Defendant acted with a willfulness that implies a deliberate or intended violation, as distinguished from an accidental, inadvertent, or negligent violation. *Downey v. Clauder*, 30 F.3d 681, 686 (6th Cir. 1994). Again, construing the evidence presented at trial in the light most favorable to the Government, a reasonable jury could conclude that Hills willfully violated each of the Bankruptcy Court's orders.

Hills also argues that because he was never employed by an attorney he therefore could not have violated the terms of the Order Granting Motion to Clarify Interim Order entered on May 6, 2008, which specified the conditions under which Hills could work under the supervision of an attorney. (Def.'s Br. at 9). The Court rejects this argument because, based upon the evidence presented at trial, a reasonable jury could conclude that Hills was in fact employed by Mr. Cooke and that he violated the terms of the May 6th Order.

Finally, Hills argues that the criminal contempt statute does not apply because the Orders he was found guilty of violating are Bankruptcy Court Orders and not District Court Orders. (Def.'s Br. at 12) ("With respect to 18 USC §401(3), Defendant Hills asserts that the statute is exclusively applicable to non-bankruptcy federal judges inasmuch as the penalties provided for under the statute allow for imprisonment, bankruptcy judges do not have authority to imprison persons.") (Def.'s Br. at 12). The statute itself contains no such limitation and Hills offers no authority to support this argument. Moreover, numerous courts have upheld criminal contempt convictions for violations of orders issued by a United States Bankruptcy Judge, including the United States Court of Appeals for the Sixth Circuit. *See, e.g., United States v. Lawrence*, 1995 WL 302247 (6th Cir. 1995) (affirming judgment over the defendant's assertions of error, including that "he did not violate 18 U.S.C. § 401(3) because the bankruptcy court is not a

'court' as contemplated by the statute.").

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Defendant's Motion for Judgment of Acquittal is DENIED.

IT IS SO ORDERED.

                                                     S/Sean F. Cox  
                                                     Sean F. Cox  
                                                     United States District Judge

Dated: January 22, 2014

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 22, 2014, by electronic and/or ordinary mail.

                                                   S/Jennifer McCoy  
                                                 Case Manager