**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

United States of America,

    Plaintiff,

v.                                                                            Case No. 12-12254

Derrick Hills,                                                           Sean F. Cox
                                                                                         United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER

        In this action, Defendant Derrick Hills ("Hills") was charged with criminal contempt, under 18 U.S.C. § 401(3), for willfully disobeying five different orders of the United States Bankruptcy Court. Hills proceeded to a jury trial and the jury returned guilty verdicts, finding Hills guilty of criminal contempt as to each of the five orders. The matter is currently before the Court on multiple *pro se* motions filed by Hills. For the reasons set forth below, this Court will not allow Hills to proceed in a hybrid manner and shall strike several of his current *pro se* motions, and any future *pro se* motions that are filed while Hills is still represented by Counsel. Hills's most recent *pro se* filings include motions seeking to vacate his sentence pursuant to 28 U.S.C. § 2255 (Docket Entry Nos. 87, 89 & 91). Rather than strike those motions, this Court shall deny them as premature and dismiss them without prejudice to the timely re-filing of a motion under § 2255 after Hills's pending appeal to the Sixth Circuit has concluded.

## BACKGROUND

        The full procedural history of this case is set forth in several opinions and orders issued by this Court and need not be restated here. (*See, e.g.*, D.E. Nos. 13, 27, & 33).

In this action, Defendant Derrick Hills ("Hills") was charged with criminal contempt, under 18 U.S.C. § 401(3), for willfully disobeying five different orders issued by the Honorable Steven Rhodes, in the United States Bankruptcy Court for the Eastern District of Michigan. (*See* D.E. No. 14, Statement of Particulars of Criminal Contempt Charges).

A jury trial commenced on September 10, 2013. On September 19, 2013, the jury found Hills guilty of criminal contempt as to each of the five orders issued by Judge Rhodes.

Thereafter, Hills filed a motion seeking a judgment of acquittal pursuant to Fed. R. Crim. P. 29. This Court denied that motion in an Opinion & Order issued on January 22, 2014. (Docket Entry No. 66).

On February 21, 2014, Magistrate Judge Laurie Michaelson ordered Hills detained pending sentencing. (Docket Entry No. 71).

On February 25, 2014, this Court imposed sentence and sentenced Hills to a total term of 46 months. (Docket Entry No. 74).

Although represented by counsel Stephon Johnson, beginning on March 14, 2014, Defendant Derrick Hills filed several *pro se* motions (Docket Entry Nos. 75, 79 & 80), asking this Court to reconsider the rulings in its January 22, 2014 "Opinion & Order Denying Defendant's Motion for Judgment of Acquittal" (Docket Entry No. 66). This Court denied all of those motions in an Opinion & Order (Docket Entry No. 83).

On March 19, 2014, Hills filed a Notice of Appeal. (Docket Entry No. 76). Thereafter, Hills filed a motion asking the Court to appoint new appellate counsel for him. This Court denied that motion in an order issued on March 31, 2014, explaining that the Court lacks jurisdiction to entertain that request, which should be directed to the United States Court of

2

Appeals for the Sixth Circuit.[1]

Although Hills is still represented by Counsel in this action, beginning on April 1, 2014, Hills began filing a series of additional, *pro se*, motions:  1) a Motion for Recusal (Docket Entry No. 85); 2) additional motions asking this Court to reconsider its prior rulings (Docket Entry Nos. 86 & 90); 3) a "Motion for Reconsideration of Order Denying Bond" (Docket Entry No. 88); and 4) motions seeking to vacate his sentence pursuant to 28 U.S.C. § 2255 (Docket Entry Nos. 87, 89 & 91).

## ANALYSIS

**I.     This Court Will Not Allow Hills to Proceed In A Hybrid Manner In This Action And Shall Strike Several Of Hills's Current *Pro Se* Motions, And Any Future *Pro Se* Motions That Are Filed While Hills Is Still Represented By Counsel.**

As stated above, Hills is represented in this action by counsel.  Nevertheless, Hills has been filing multiple *pro se* motions.

Since Hills has counsel, and is seeking new counsel on appeal, Hills is attempting to proceed in a "hybrid" fashion, both through his counsel and *pro se* by way of his motion.  *See McKaskle v. Wiggins*, 465 U.S. 168, 183 (1984).  Although the Sixth Amendment guarantees defendants the right to conduct their own defense and even represent themselves, *see Farretta v. California*, the right of self-representation does not include the right to proceed in a hybrid manner.  *McKaskle*, 465 U.S. at 183; *see also United States v. Mosely*, 810 F.2d 93, 97-98 (6th Cir. 1987).

---

[1]This Court notes that the docket entry for Hills's appeal (Court of Appeals Case No. 14-1361) reflects that on March 26, 2014, the Sixth Circuit extended the appointment of Stephon Johns as appellate counsel for Hills but that on April 7, 2014, Johnson filed a motion to withdraw, which will be ruled upon by the Sixth Circuit.  This Court will not entertain any additional requests concerning the appointment of appellate counsel for Hills.

This Court will not allow Hills to proceed in a hybrid manner in this action will therefore strike Docket Entry Nos. 85, 86, 88, and 90. This Court will also strike any future *pro se* submissions that are filed in this action while Hills is represented by Counsel.

## II. The Court Shall Deny Without Prejudice Hills's Motions To Vacate Pursuant To 28 U.S.C. § 2255 As Premature.

Hills's most recent *pro se* filings include motions seeking to vacate his sentence pursuant to 28 U.S.C. § 2255 (Docket Entry Nos. 87, 89 & 91). For the reasons that follow, rather than strike those motions, this Court shall deny them as premature and dismiss them without prejudice to the timely re-filing of a motion under § 2255 after Hills's pending appeal to the Sixth Circuit has concluded.[2]

On February 25, 2014, this Court imposed sentence and sentenced Hills to a total term of 46 months. (Docket Entry No. 74). Hills appealed his judgment of conviction to the United States Court of Appeals for the Sixth Circuit. Nevertheless, Hills also filed § 2255 motions while his direct appeal is still pending.

This Court concludes that Hills's § 2255 Motions should be denied as premature and dismissed without prejudice. In *Capaldi*, the Sixth Circuit "adopt[ed] the rule espoused by multiple Circuits that in the absence of extraordinary circumstances, a district court is precluded from considering a § 2255 application for relief during the pendency of the applicant's direct appeal." *Capaldi*, 135 F.3d at 1124. The Sixth Circuit adopted that rule because an "application under § 2255 is an extraordinary remedy and should not be considered a substitute for direct

---

[2]Hills is expressly cautioned that 28 U.S.C. § 2255 contains a one-year period of limitation, and that it is his responsibility to fully familiarize himself with the events that trigger the activation of the one-year limitation period.

appeal" and because a "determination of the direct appeal may render collateral attack by way of a § 2255 application unnecessary." *Id*.

Hills's direct appeal is currently pending in the Sixth Circuit and Hills's § 2255 Motion does not indicate that any extraordinary circumstances exist that would warrant deviating from the general rule set forth in *Capaldi.*

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that this Court will not allow Hills to proceed in a hybrid manner in this action and the Court hereby STRIKES Docket Entry Nos. 85, 86, 88, and 90. IT IS FURTHER ORDERED that this Court will also strike any future *pro se* filings in this action that are filed in this action while Hills is represented by Counsel.

IT IS FURTHER ORDERED that Hills's § 2255 Motions (Docket Entry Nos. 87, 89 & 91) are DENIED as premature and DISMISSED WITHOUT PREJUDICE to Hills's right to re-file a § 2255 motion once his pending appeal has become final.[3]

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: April 9, 2014

---

[3] Should Hills choose to re-file a § 2255 motion after his pending appeal is finalized, that subsequent motion will not be considered a second or successive motion pursuant to 28 U.S.C. § 2255.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                        Case No. 12-12254

Derrick Hills,                       Sean F. Cox
                                               United States District Court Judge

    Defendant.
_____/

## PROOF OF SERVICE

    I hereby certify that on April 9, 2014, a copy of the foregoing document was served upon counsel of record via electronic means and upon Derrick Hills via First Class Mail at the address below:

Derrick Hills #14865-039
F.C.I. Milan
P.O. Box 1000
Milan, MI 48160

                                                    S/Jennifer McCoy
                                                    Case Manager