UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Derrick Hills,

    Petitioner,

v.                                                    Case No. 12-12254

United States of America,                 Sean F. Cox
                                                       United States District Court Judge
    Respondent.
_____/

**ORDER
DENYING MOTION FOR APPOINTMENT OF COUNSEL,
DENYING MOTION FOR BOND,
DENYING MOTION TO DISMISS, AND
DENYING MOTION TO RECUSE**

In March 2014, Derrick Hills ("Hills") was convicted of criminal contempt in violation of 18 U.S.C. § 401(3) and sentenced to 46 months in prison.

Hills filed a direct appeal. Among other things, Hills argued that this Court lacked subject matter jurisdiction over his case. The United States Court of Appeals for the Sixth Circuit affirmed. *See United States v. Hills*, Case No. 14-1361 (6th Cir. Nov. 5, 2015).

Thereafter, on March 1, 2016, Hills filed a *pro se* motion seeking relief under 28 U.S.C. § 2255.

Along with that motion, Hills also filed another motion that: 1) seeks appointment of counsel; 2) asks this Court to release Hills on bond while his § 2255 motion is pending; 3) continues to assert that this Court lacked subject matter jurisdiction over his case; and 4) asks this Court to recuse itself. (Docket Entry No. 142). The Court shall deny each of these requests.

There is no constitutional right to the appointment of counsel in civil cases and the Court

has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). A habeas petitioner may obtain representation at any stage of the case "[w]henver the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2). In the instant case, after careful examination of the facts and claims presented, the Court determines that the interests of justice do not require appointment of counsel at this time. Accordingly, it is **ORDERED** that Hills's motion for appoint of counsel is **DENIED.** The Court further **DENIES** Hills's request that he be released on bond during the pendency of his § 2255 Motion.

In addition, the Court **DENIES** Hill's motion to dismiss the underlying case against Hills for lack of subject matter jurisdiction for the same reason that Hill's arguments were rejected by the Sixth Circuit.

Finally, the Court shall deny Hills's Motion for Recusal for lack of merit. In his motion, Hills first seeks recusal on the ground that his Court has some unspecified "financial interest in the subject matter in controversy." This Court has no financial interest in this action and a reasonable, objective person could not conclude otherwise.

Hills also asserts that recusal is appropriate because this Court has a personal bias or prejudice against him, as evidenced by comments this Court made during Hill's sentencing, wherein the Court expressed its concern that Hills would likely continue to violate the Court orders at issue in this case once he released from custody. Such comments are not a valid basis for recusal. Indeed, pursuant to 18 U.S.C. § 3553, this Court is obligated to consider a variety of factors in imposing sentence, including the need for the sentence imposed to reflect the seriousness of the offense and to promote respect for the law. Hill's Motion for Recusal is

**DENIED** for lack of merit.

    **IT IS SO ORDERED.**

Dated: April 4, 2016                                      S/ Sean F. Cox
                                                                                Sean F. Cox
                                                                                U. S. District Judge

I hereby certify that on April 4, 2016, the foregoing document was served on counsel of record via electronic means and upon Derrick Hills via First Class mail at the address below:

Derrick Hills 14865039
FCI Loretto
P O Box 1000
Loretto, PA 15940

                                                                                      S/ J. McCoy
                                                                                      Case Manager