UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Derrick Hills,

       Petitioner,

v.                                    Case No. 12-12254

United States of America,            Sean F. Cox
                                      United States District Court Judge

       Respondent.

_____/

**OPINION & ORDER
DENYING § 2255 MOTION AND
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY**

In March 2014, following a jury trial, Derrick Hills ("Hills") was convicted of criminal contempt in violation of 18 U.S.C. § 401(3) and sentenced to 46 months in prison. His conviction and sentence were affirmed on direct appeal. The matter is now before the Court on Hills's *pro se* Motion to Vacate Sentence, brought pursuant to 28 U.S.C. § 2255. Because the files and records of the case conclusively show that Hills is entitled to no relief as to the claims in this § 2255 motion, an evidentiary hearing is not necessary and the matter is ripe for a decision by this Court. For the reasons set forth below, the Court denies the motion and declines to issue a certificate of appealability.

**BACKGROUND**

Judge Steven Rhodes, a judge for the United States Bankruptcy Court for the Eastern District of Michigan, filed a report and recommendation in this Court recommending that Hills be prosecuted for criminal contempt for repeatedly violating orders entered by the bankruptcy

court.  Thereafter, this Court entered an order for Hills to show cause why he should not be held in contempt under 18 U.S.C. § 401(3).  That show cause order referenced the bankruptcy judge's detailed report and recommendation, which was attached to the order, and stated the facts underlying the criminal contempt charges.  In that same order, pursuant to Fed. R. Civ. P. 42(a)(2), this Court requested that the United States Attorney's Office appoint an attorney for the Government to prosecute the contempt.  (D.E. No. 4).

Richard Roble ("Roble"), who identified himself as an Assistant United States Attorney, filed a notice of appearance and prosecuted the case on behalf of the Government, along with Assistant United States Attorney Craig Weier.

During the proceedings, the Government expressed the belief that any trial should be a bench trial.  This Court disagreed and concluded that Hills had the right to jury trial.  This Court scheduled a plea cutoff date, that it extended at least once. Ultimately, however, Hills chose to proceed to trial and requested a jury trial.

The jury convicted Hills on all five counts of contempt for having violated all five of the bankruptcy court orders.  This Court sentenced Hills to forty-six months of imprisonment and imposed a $25,000.00 fine.

Hills filed a direct appeal.  In his appeal, Hills's arguments included: 1) "the district court lacked subject-matter jurisdiction over his case because the government never filed an indictment or complaint and he was never arraigned," 2) his attorney performed ineffectively; and 3) Richard Roble was not authorized to act as a prosecutor.  *See United States v. Hills*, Case No. 14-1361 at 2 (6th Cir. Nov. 5, 2015).  The Sixth Circuit affirmed.  Although the panel declined to reach the merits of Hills' s ineffective-assistance-of-counsel claims on direct appeal,

2

it rejected all of his other arguments.

Thus, "[f]inding no errors in the district court proceedings," the Sixth Circuit affirmed Hills's conviction and sentence. (3/25/16 Order from Sixth Circuit in Case No. 14-1361). Thereafter, acting *pro se*, Hills filed a petition for *en banc* rehearing, which was denied. (*Id.*). Hills also filed several other motions, including a motion to recall the mandate, which were all denied by the Sixth Circuit. (*Id.*).

On March 1, 2016, Hills filed a *pro se* motion seeking relief under 28 U.S.C. § 2255. In it, Hills asserts three grounds for relief.

First, Hills argues that his due process rights were violated at trial because Roble was not appointed to act as a Special Assistant United States Attorney. (Hills's motion, D.E. No. 141 at Pg ID 2300). Hills's motion acknowledges that he raised this issue in his direct appeal. (*Id.*).

Second, Hills asserts that his due process rights were violated at trial because he was prosecuted without adequate procedural protections. (*Id.* at Pg ID 2301). Specifically, he asserts that he was "tried, convicted, sentenced and incarcerated without the record showing that Petitioner was informed of his rights at an arraignment or otherwise, without being given an opportunity to enter a guilty plea, without an indictment, information, or complaint as required by Rule 58 of the Federal Rules of Criminal Procedure and without an opportunity to choose to have a jury trial before a magistrate judge as provided by Rule 58." (*Id.*) Although Hills notes this ground was raised in his direct appeal, he asserts that some aspects of the claim were not known to him at that time. (*Id.*).

Third, Hills asserts that his attorney, Stephon Johnson, provided ineffective assistance of counsel. (D.E. No. 141 at Pg ID 2303). Specifically, Hills claims that Mr. Johnson's

3

performance was deficient in that Johnson "allowed Petitioner to be tried, convicted, sentenced and incarcerated" although: 1) Petitioner's prosecutor lacked standing and appointment from the Attorney General," 2) "Petitioner lacked an indictment, information, complaint, not guilty plea and the opportunity to have a jury trial before a magistrate judge," 3) "[a]ll contempts are universally classified as misdemeanors and not felonies." (*Id.*). "Also, Johnson allowed the Petitioner to be convicted of five counts of criminal contempt although the bankruptcy court only referred four counts to the court." (*Id.*).

On March 1, 2016, Hills also filed a motion asking this Court to appoint counsel for him, release him on bond, dismiss this action, and recuse itself. (D.E. No. 142). This Court denied that Motion in an Order issued on April 4, 2016. (D.E. No. 145).[1]

After this Court ordered the Government to file a response to Hills's § 2255 Motion by May 2, 2016, Hills filed a motion asking this Court to not allow the Government to file a brief after May 2, 2016. (D.E. No. 146).

The Government filed a timely response in opposition to Hills's Motion on April 29, 2016. (D.E. No. 149).[2] Hills filed a reply brief on June 6, 2016.

## STANDARD OF REVIEW

A prisoner who moves to vacate his sentence under § 2255 must show that the sentence was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such sentence, that the sentence was in excess of the maximum

---

[1]Hills has since filed a motion seeking reconsideration of those rulings. The Court shall deny that motion for lack of merit.

[2]As a result, Hills's motion asking the Court to not allow a response after May 2, 2016 is moot.

authorized by law, or that it is otherwise subject to collateral attack. 28 U.S.C. § 2255.

To prevail on a § 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which has a substantial and injurious effect or influence on the guilty plea or the jury's verdict." *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005). A movant can prevail on a § 2255 motion alleging non-constitutional error only by establishing a "fundamental defect which inherently results in a complete miscarriage of justice, or an error so egregious that it amounts to a violation of due process." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999).

Defendants seeking to set aside their sentences pursuant to 28 U.S.C. section 2255 have the burden of establishing their case by a preponderance of the evidence. *McQueen v. U.S.*, 58 F. App'x 73, 76 (6th Cir. 2003). It is well established that when a defendant files a section 2255 motion, he or she must set forth facts establishing entitlement to relief. *Green v. Wingo*, 454 F.2d 52, 53 (6th Cir. 1972); *O'Malley v. United States*, 285 F.2d 733, 735 (6th Cir. 1961). "Conclusions, not substantiated by allegations of fact with some probability of verity, are not sufficient to warrant a hearing." *Green*, 454 F.2d at 53; *O'Malley*, 285 F.2d at 735 (citations omitted).

Because the files and records of the case conclusively show that Petitioner is entitled to no relief as to the claims in this § 2255 motion, an evidentiary hearing is not necessary and the matter is ripe for a decision by this Court.

## ANALYSIS

In his Motion to Vacate Sentence, Hills presents three grounds for relief. This Court shall consider each in turn.

5

I. **Hills's First Ground For Relief – His Assertion That His Due Process Rights Were Violated Because Roble Was Not Appointed To Act As A Special Assistant United States Attorney.**

Hills argues that his due process rights were violated at trial because Roble was not appointed to act as a Special Assistant United States Attorney.  (Hill's motion, D.E. No. 141 at Pg ID 2300).  Hill's motion acknowledges that he raised this same issue in his direct appeal. (*Id.*).

As the Sixth Circuit has explained, absent highly exceptional circumstances, a § 2255 motion cannot be used to relitigate issues that were raised and addressed on direct appeal:

> A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances." *United States v. Brown*, 62 F.3d 1418 (6th Cir.) (unpublished) (citations omitted), *cert. denied*, 516 U.S. 942, 116 S.Ct. 377, 133 L.Ed.2d 301 (1995). *See also Giraldo v. United States*, 54 F.3d 776 (6th Cir.) (unpublished) ("It is well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on appeal absent highly exceptional circumstances, such as an intervening change in the law."), *cert. denied*, 516 U.S. 892, 116 S.Ct. 240, 133 L.Ed.2d 167 (1995); *Ford v. United States*, 36 F.3d 1097 (6th Cir.1994) (unpublished) (same), *cert. denied*, 514 U.S. 1031, 115 S.Ct. 1390, 131 L.Ed.2d 241 (1995); *Kelly v. United States*, 977 F.2d 581 (6th Cir.1992) (unpublished) ("The remainder of Kelly's arguments on appeal attempt to relitigate the issues involved in his motion to suppress evidence. The issues were raised and answered on direct appeal. Kelly is not now entitled to relitigate those issues in a motion to vacate sentence under 28 U.S.C. § 2255. A federal prisoner may not relitigate in a § 2255 motion to vacate sentence claims that were raised and considered on direct appeal.").

*DuPont v. United States*, 76 F.3d 108, 110-11 (6th Cir. 1996).

On direct appeal, Hills argued that Roble was not authorized to act as a prosecutor. *United States v. Hills*, Case No. 14-1361 at 2 & 6 (6th Cir. Nov. 5, 2015).  Although the appellate court concluded that Hills had waived the issue by not raising it before the district court, it went on the reject the claim on its merits: "Roble was working as a Special Assistant United States Attorney during his involvement in the criminal contempt proceedings.  Thus,

6

Rule 42(a)(2)'s general requirement that 'contempt be prosecuted by an attorney for the government' was met.  Fed. R. Crim. P. 42(a)(2)."  *Id*. at 7.

Hills has not identified any exceptional circumstances, or any intervening change in the law that would allow him to relitigate this issue in his § 2255 motion.[3]

## II.    Hills's Second Ground For Relief – Additional Alleged Due Process Violations

Hills asserts that his due process rights were violated at trial because he was prosecuted without adequate procedural protections.  Specifically, he asserts that he was "tried, convicted, sentenced and incarcerated without the record showing that Petitioner was informed of his rights at an arraignment or otherwise, without being given an opportunity to enter a guilty plea, without an indictment, information, or complaint as required by Rule 58 of the Federal Rules of Criminal Procedure and without an opportunity to choose to have a jury trial before a magistrate judge as provided by Rule 58."  (*Id*.)

Although Hills notes this ground was raised in his direct appeal, he asserts that some aspects of the claim were not known to him at that time.  (*Id*.).

To the extent that Hills asserts that his due process rights were violated due to the lack of an indictment or arraignment, that issue was presented in Hills's direct appeal and rejected by the Sixth Circuit.  The appellate court explained that:

> The procedure for initiating a contempt proceeding, set forth in Federal Rule of Criminal Procedure 42, is "pretty summary" and does not require an indictment.  *United States v. Arredondo*, 349 F.3d 310, 316 (6th Cir. 2003); *see Bullock v. United States*, 265 F.2d 683, 691 (6th Cir. 1959).  Instead, Rule 42(a) provides

---

[3]And even if Hills had raised the issue here for the first time, the claim fails on the merits for the reasons stated in the Government's Brief (D.E. No. 149 at Pg ID 2360-62) and its supporting documents (D.E. No. 149-3, United States Attorney Barbara McQuade's letters appointing Roble as a Special Assistant United States Attorney and Appointment Affidavits).

7

that "[a]ny person who commits criminal contempt may be punished for that
contempt after prosecution on notice." Fed. R. Civ. P. 42(a). Notice must be
given "in open court, in an order to show cause, or in an arrest order," and must
"(A) state the time and place of the trial; (B) allow the defendant a reasonable
time to prepare a defense; and (C) state the essential facts constituting the charged
criminal contempt and describe it as such." Fed. R. Crim. P. 42(a)(1).

*United States v. Hills*, Case No. 14-1361 at 3 (6th Cir. Nov. 5, 2015). The appellate court went

on to explain that:

> The district court's order to show cause and the attached report and
> recommendation generally satisfied the notice requirements of Rule 42(a)(1).
> Although the place of the trial was not specifically stated in the show-cause order,
> Hills's substantial rights were not affected because he ultimately appeared at trial.
> A statement of particulars, filed by the government nine months before trial
> began, set forth all five orders that Hills allegedly violated, including the April 7,
> 2009, order finding Hills in further contempt, and clearly explained how Hills
> violated each order. In sum, Hills received the notice to which he was entitled,
> and any error in failing to meet the exact requirements of Rule 42 did not affect
> his substantial rights.

*Id.* Accordingly, Hills cannot show that his due process rights were violated by virtue of that

there no indictment or arraignment.

Hills's argument that he was not given the opportunity to enter a guilty plea is belied by

the record. (*See, e.g.* D.E. No. 18, 1/4/13 Order setting a "plea cutoff" date of April 5, 2013;

D.E. No. 31, 6/5/13 Order extending plea cutoff date to June 28, 2013). This Court specifically

discussed extending the plea cut off and the trial date at the May 28, 2013 Status Conference that

Hills attended. Hills was given ample opportunity to plead guilty, he simply chose not to do so

and elected to proceed to a jury trial.

Hills's final argument is that he was denied due process because he was not given the

"opportunity to choose to have a jury trial before a magistrate judge as provided by Rule 58."

(Hills's § 2255 motion at Pg ID 2301). Fed. R. Crim. P. 58, by its terms, applies to "petty

offenses and other misdemeanor cases and on appeal to the district judge in a case tried by a

magistrate judge."  Fed. R. Crim. P. 58(a)(1).  As the Sixth Circuit noted, Hills was charged with

contempt under 18 U.S.C. § 401(3) and the proceeding was governed by Fed. R. Civ. P. 42.

Thus, Hills's reliance on Fed. R. Crim. P. 58 is in error.

### III.    Hills's Third Ground For Relief – Ineffective Assistance Of Counsel

As his third and final ground for relief, Hills claims that his trial counsel, Mr. Johnson,

provided ineffective assistance of counsel to him.

The familiar United States Supreme Court decision in *Strickland v. Washington*, 466 U.S.

688 (1984) governs this Court's analysis of ineffective assistance of counsel claims.  "In

*Strickland*, the Supreme Court articulated a two-component test that must be satisfied for a

defendant to demonstrate that a counsel's performance was so defective as to require reversal of

a conviction . . . ."  *Lint v. Preselnik*, 542 F. App'x 472, 475 (6th Cir. 2013).  "First, the

defendant must show that counsel's performance was deficient."  *Strickland*, 466 U.S. at 687.

"Second, the defendant must show that the deficient performance prejudiced the defense."  *Id.*

To establish deficient performance, the defendant must show that "counsel's

representation fell below the objective standard of reasonableness."  *Lint,* 542 F. App'x at 475,

citing *Strickland*, 466 U.S. at 688.  Judicial scrutiny of counsel's performance is highly

deferential, and this Court must apply the strong presumption that counsel's representation fell

within the wide range of reasonable professional conduct.  *Lint,* 542 F. App'x at 475-76, citing

*Strickland*, 466 U.S. at 689.  "Strategic choices made after thorough investigation of law and

facts relevant to plausible options are virtually unchallengeable."  *Strickland*, 466 U.S. at 690.

Thus, Petitioner must "overcome the presumption that, under the circumstances, the challenged

9

action might be considered sound trial strategy." *Bell v. Cone*, 535 U.S. 685, 698 (2002) (citation and internal quotations omitted).

To establish prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* The likelihood of a different result "must be substantial, not just conceivable." *Lint*, 542 F. App'x at 476, citing *Harrington v. Richter*, 131 S.Ct. 770, 792 (2011).

Here, Hills cannot establish any deficient performance by Mr. Johnson, let alone prejudice.

Hills claims that Mr. Johnson's performance was deficient in that Johnson "allowed Petitioner to be tried, convicted, sentenced and incarcerated" without objecting to the prosecutor's (Roble) lack of standing to prosecute the case, the lack of an indictment, or the lack of an opportunity for Hills to plead guilty. Hills also faults Johnson for not having raised that "[a]ll contempts are universally classified as misdemeanors and not felonies." (*Id.*). Finally, Hills complains that "Johnson allowed the Petitioner to be convicted of five counts of criminal contempt although the bankruptcy court only referred four counts to the court." (*Id.*).

Hills cannot show that Johnson's performance was deficient for not having objected to the lack of an indictment or an alleged lack of opportunity to plead guilty. As discussed above, any such objections would have been entirely without merit and would have been overruled by this Court. *Lucas v. O'Dea*, 179 F.3d 412, 420 (6th Cir. 1999) ("Only in a rare case will a court find ineffective assistance of counsel based upon a trial attorney's failure to make an objection

that would have been overruled under the then-prevailing law.") (citation and internal quotation marks omitted).

Hills's assertion that all contempts are universally classified as misdemeanors, and therefore subject to a maximum sentence of one year in prison, is simply not an accurate statement of the law. Indeed, the Sixth Circuit rejected such a contention in affirming Hills's 46-month sentence in his direct appeal:

> Next, Hills argues that his forty-six-month sentence was improper because criminal contempt under § 401(3) is a Class B misdemeanor, not a felony offense. Both the text of § 401 and binding precedent hold that the severity of any fine or imprisonment imposed for criminal contempt is within the district court's discretion. 18 U.S.C. § 401; *Frank v. United States*, 395 U.S. 147, 149 (1969); *United States v. Sternman*, 433 F.2d 913, 914 (6th Cir. 1970) (per curiam). Accordingly, Hills has not shown that the district court erred by imposing a forty-six-month sentence.

*United States v. Hills*, Case No. 14-1361 at 4 (6th Cir. Nov. 5, 2015). Thus, Johnson did not provide ineffective assistance of counsel by not having made a meritless legal argument during the proceedings below.

Finally, Hills faults Johnson for allowing him to be convicted of five counts of criminal contempt when the Bankruptcy allegedly only referred four counts. As the Sixth Circuit noted, the jury convicted Hills on all five counts of contempt for having violated five different orders. Contrary to Hills's unsupported allegation, all five of the orders were described in the report and recommendation that was attached to the show cause order issued by this Court. In addition, a "statement of particulars, filed by the government nine months before trial began, set forth all five orders that Hills allegedly violated, including the April 7, 2009, order finding Hills in further contempt, and clearly explained how Hills violated each order." *United States v. Hills*, Case No. 14-1361 at 3 (6th Cir. Nov. 5, 2015). Again, Johnson did not provide ineffective

11

assistance of counsel by failing to make an objection that had no legal or factual support.

Accordingly, the Court finds Hills's ineffective assistance claims without merit and shall deny his § 2255 motion.

## IV.    Certificate Of Appealability

A certificate of appealability must issue before a petitioner may appeal the district court's denial of his § 2255 Motion.  28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b).  Section 2253 provides that a certificate of appealability may issue only if a petitioner makes a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  As the United States Supreme Court has explained this standard:

> . . . the petitioner need not show that he should prevail on the merits. He has already failed in that endeavor.  Rather, he must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.

*Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983).  As the Court has stated, "[w]here a district court has rejected the constitutional claim on the merits, the showing required to satisfy 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

This Court concludes that reasonable jurists would not find the Court's assessment of Hills's due process or ineffective assistance of counsel claims debatable or wrong.  The Court shall therefore decline to issue a certificate of appealability.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Hills's § 2255 Motion is

**DENIED**.  **IT IS FURTHER ORDERED** that the Court **DECLINES TO ISSUE** a Certificate

of Appealability.

      **IT IS FURTHER ORDERED** that Hills's remaining motions are **DENIED** for lack of

merit and/or as **MOOT.**

      **IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  June 14, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on
June 14, 2016, by electronic and/or ordinary mail.

S/Keisha Jackson
Case Manager

13